11-1791-ag
Chen v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of August, two thousand twelve.

PRESENT:

> DENNIS JACOBS,
>     *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
>     *Circuit Judges.*

———————————————————————————

| | |
|---|---|
| **MEI LING LI v. HOLDER,** | **10-55-ag** |
| **A077 353 526** | |

———————————————————————————

| | |
|---|---|
| **XIN CHEN v. U.S. DEP'T OF JUSTICE,** | |
| **HOLDER,** | **10-2613-ag** |
| **A073 536 028** | |

———————————————————————————

| | |
|---|---|
| **TIAN YAO DONG v. HOLDER,** | **10-4129-ag** |
| **A095 381 956** | |

———————————————————————————

| | |
|---|---|
| **JIAN ZHEN CHEN v. HOLDER,** | **10-4180-ag** |
| **A072 785 517** | |

———————————————————————————

**DAN DAN WU v. HOLDER,**                                **11-321-ag**
**A079 774 668**

_____

**MENG ZHAO WANG v. HOLDER,**                    **11-557-ag**
**A073 179 839**

_____

**XIAN XIANG LIN v. HOLDER,**                     **11-1363-ag**
**A073 599 598**

_____

**LI YIN CHEN v. HOLDER,**                         **11-1791-ag**
**A078 725 231**

_____

**LI YING CHEN v. HOLDER,**
**U.S. DEP'T OF JUSTICE**                         **11-2080-ag**
**A078 412 192**

_____

**ZHEN YIN GUO v. HOLDER,**                        **11-2280-ag**
**A070 908 560**

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA either denying a motion to reopen or affirming an Immigration Judge's denial of a motion to reopen. The applicable standards of review are well-established. _See Jian Hui Shao v. Mukasey_, 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, filed motions to reopen based on claims that they fear persecution because they have had one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the BIA's decisions. *See id.* at 158-72.

In *Tian Yao Dong v. Holder*, No. 10-4129-ag and in *Zhen Yin Guo v. Holder*, No. 11-2280-ag, the BIA did not abuse its discretion in declining to credit the petitioners' unauthenticated evidence regarding the family planning policy in light of the agency's underlying adverse credibility determinations. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

Petitioners' motions to reopen were also based on their claims that they fear persecution in China on account of their religious practices. The BIA did not err in finding that petitioners failed to demonstrate either material changed country conditions or their prima facie eligibility for relief on this basis. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk